UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

*STATES DISTRICT FILED JAN 0 3 2018 MARY B. LOEWENGUTH CLERK WESTERN DISTRICT OF NY*   Revised 07/07 WDNY

Kelly Olin

_____

Jury Trial Demanded: Yes _X_  No____

Name(s) of Plaintiff or Plaintiffs

-vs-

The Rochester City School District
Jerome A. Trippe, Matthew E Seeger
Gerald A Cutaia   Thomas P Keysa

Name of Defendant or Defendants

DISCRIMINATION COMPLAINT
_18_ -CV- _6006_  _MAT_

You should attach a copy of your **original Equal Employment Opportunity Commission
(EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND**
a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do
so may delay your case.

*Note:* *Only those grounds raised in the charge filed with the Equal Employment Opportunity*
*Commission can be considered by the federal district court under the federal*
*employment discrimination statutes.*

This action is brought for discrimination in employment pursuant to *(check only those that*
*apply)*:

_X_    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17
(amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race,
color, gender, religion, national origin).
**NOTE:** In order to bring suit in federal district court under Title
VII, you **must first obtain a right to sue letter** from the Equal
Employment Opportunity Commission.

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634
(amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of
1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
**NOTE:** In order to bring suit in federal district court under the Age
Discrimination in Employment Act, you **must first file charges** with the
Equal Employment Opportunity Commission.

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117
(amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
**NOTE:** In order to bring suit in federal district court under the Americans
with Disabilities Act, you **must first obtain a right to sue letter** from the
Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the
aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be
appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of
1991, Pub.L.No. 102-166, and any related claims under New York law.

In addition to the federal claims indicated above, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

X      New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1.    My address is: _92 Canfield Road_
_Pittsford   NY   14534_

My telephone number is: _585 - 730 - 9850_

2.    The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

Name: _The Rochester City School District_

Number of employees: _> 6000_

Address: _131 W. Broad Street_
_Rochester  NY  14614_

3.    (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

Name: _____

Address: _____
_____
_____

## CLAIMS

4.    I was first employed by the defendant on (date): _March 13  2000_

5.   As nearly as possible, the date when the first alleged discriminatory act occurred is: _____
     __10/20/14__ ( 10/21/14 ) _____

6.   As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any
     did): __Continuous throughout my employment__
     _____

7.   I believe that the defendant(s)

     a.  X      Are still committing these acts against me.
     b. _____   Are not still committing these acts against me.
     (Complete this next item only if you checked "b" above)   The last discriminatory act
     against me occurred on (date) _____
     _____

8.   (Complete this section only if you filed a complaint with the New York State Division of
     Human Rights)

     The date when I filed a complaint with the New York State Division of Human Rights is

     _____
     _ (estimate the date, if necessary)

     I filed that complaint in (identify the city and state): _____
     _____

     The Complaint Number was: _____

9.   The New York State Human Rights Commission did _____ /did not _____
     issue a decision. (NOTE: If it did issue a decision, you must attach one copy of the
     decision to each copy of the complaint; failure to do so will delay the initiation of your
     case.)

10.  The date (if necessary, estimate the date as accurately as possible) I filed charges with the
     Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged
     discriminatory conduct is: __May 1  2016__

11.  The Equal Employment Opportunity Commission did __X__ /did not
     _____ issue a decision. (NOTE: If it did issue a decision, you must attach one
     copy of the decision to each copy of the complaint; failure to do so will delay the
     initiation of your case.)

12.  The Equal Employment Opportunity Commission issued the attached Notice of Right to
     Sue letter which I received on: __10/5/2017__. (NOTE: If it

3

**did** issue a Right to Sue letter, you **must** attach one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13.   I am complaining in this action of the following types of actions by the defendants:

a.   _____   Failure to provide me with reasonable accommodations to the application process

b.   _____   Failure to employ me

c.   _____   Termination of my employment

d.   _____   Failure to promote me

e.   __X__   Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f.   __X__   Harassment on the basis of my sex

g.   __X__   Harassment on the basis of unequal terms and conditions of my employment

h.   __X__   Retaliation because I complained about discrimination or harassment directed toward me

i.   _____   Retaliation because I complained about discrimination or harassment directed toward others

j.   _____   Other actions (please describe) _____
_____
_____

14.   Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a.   _____   Race

b.   _____   Color

c.   __X__   Sex

d.   _____   Religion

e.   _____   National Origin

f.   _____   Sexual Harassment

g.   _____   Age
_____ Date of birth

h.   __X__   Disability
Are you incorrectly perceived as being disabled by your employer?
_____ yes _____ no

15.   I believe that I was __X__ /was not _____ **intentionally** discriminated against by the defendant(s).

4

16. I believe that the defendant(s) is/are __X__ is not/are not _____ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _____ and why the defendant(s) stopped committing these acts against you: _____

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (NOTE: You must attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    _____ has **not** issued a Right to sue letter
    __X__ has issued a Right to sue letter, which I received on ___10/05/17___

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

I began employment with the Rochester City School District in March 2000 as a maintenance mechanic in the electrical department. I worked in this position for seventeen years without there being any issues with my performance. I am the only female in the department. I experienced discrimination. Examples of the discrimination that are set forth in the attached charges of discrimination that I incorporate by reference.

## FOR LITIGANTS ALLEGING **AGE DISCRIMINATION**

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
    _____ 60 days or more have elapsed _____ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN **AMERICANS WITH DISABILITIES ACT** CLAIM

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on ___18/14/14___

22.   The date on which I first asked my employer for reasonable accommodation of my disability is ___ 11/14/14 _____

23.   The reasonable accommodations for my disability (if any) that my employer provided to me are: ___ None _____

      _____

      —

24.   The reasonable accommodation provided to me by my employer were N/A /were not _____ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: 01/03/18                      _____ Kelly Olin _____

                                              Plaintiff's Signature

6

EEOC Form 5 (11-09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | 525-2016-00542 |

|  |  |
|---|---|
| New York State Division Of Human Rights | and EEOC |
| State or local Agency, if any |  |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kelly L. Olin |  | 04-01-1968 |

| Street Address | City, State and ZIP Code |
|---|---|
| 92 Canfield Road, Pittsford, NY 14534 |  |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ROCHESTER CITY SCHOOL DISTRICT | 500 or More |  |

| Street Address | City, State and ZIP Code |
|---|---|
| 131 West Broad Street, Rochester, NY 14614 |  |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |  |
|---|---|---|
|  | Earliest | Latest |
| [ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | 03-01-2015 | 05-04-2016 |
| [ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION |  |  |
| [ ] OTHER (Specify) | [X] CONTINUING ACTION |  |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about March 13, 2000, I began employment as a Maintenance Mechanic. That is my current position there.

Since Jerry Trippe became the Electrical Foreman in 2014, he has created an environment designed to torment me. Jerry Trippe's foreman, Matt Seeger has been complicit in this process. In one day I was written up several times: twice for not confirming that I received Trippe's text messages even though I did exactly what the text message stated was unaware that I was required to send a confirmation text, for assigning building access to a custodian upon request of Lillie Wilson, a custodial administrator, a manager, even though I have done this task for Mrs. Wilson many times in the past, for assisting in a request made by Maria Lora, a clerk who does badging for the district, upon her request, and for not being able to complete an assignment due to not being able to locate the equipment that needed repair even though I communicated to Trippe that this was the case.

Trippe makes up policies that only I have to follow. One policy was that I was required to call him every two hours to let him know the status of my jobs. When I questioned why I'm the only one that this policy pertained to Trippe lied and said everyone is following it. Upon checking with my coworkers, not one of them had even heard of such a policy.

I asked for a written version of these new policies and procedures. This request was made over a year ago. I have

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date                    Charging Party Signature |  |

EEOC Form 5 (11-09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 525-2016-00542 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

been told several times by Human Resources and Matt Seeger that I was going to receive them, to this day I have not received anything. I am required to work without having the policies and procedures made clear to me even though I am reprimanded for not following them. Policies do not seem to be enforced equally among employees. I am disciplined for acts that my coworkers are not.

Even before Trippe was Foreman, he treated me in a disparate manner. For instance, he would make me get coffee for him; he would make me move my truck so that he could use that parking space: he had me clean his truck while he and my other coworkers were allowed to hang out for the last 20 minutes of work; he would not let me speak to district staff members when they questioned me about the work I was doing; etc.

Trippe purposely makes my job more difficult. Others in my unit frequently work in teams. I am nearly always required to work alone. When I ask for assistance Trippe tells me to get the custodian to help me even though the custodian is not under Trippe's supervision and has other responsibilities. On occasions when he does send someone to help it is usually not someone from my unit and they are unfamiliar with the work I'm doing. Even though I have the most seniority it my unit, Trippe decided to give my workstation to a coworker and assigned me to the workstation my coworker had. My newly assigned workstation was complicated to work at due to the printer being up on a shelf and not easily accessed. My original workstation has the printer right next to the computer. I moved the printer down next to the computer but was told by Trippe that he didn't want it there. Trippe said I could move the printer down to use it but I am to return it to the shelf when I was done. The printer weighs over 35 pounds and the shelf is five feet off the floor. After attempting to return the printer to the shelf I realized it was complicated and I was hurting myself trying to do it. I spoke with Tom Keysa and Matt Seegers, foreman, about the difficulties I was having. Keysa looked at the scenario and determined the printer should be next to the computer like I was requesting and moved the printer. Trippe treated me badly after this incident. Prior to Keysa coming in to the office, Trippe was assisting each of us in loading software on to our laptops. After Keysa moved the printer, Trippe retaliated and refused to load the software on to my laptop. He walked out of the office and told me to get someone else to help me. When I asked my coworkers for assistance they said they weren't familiar with how to do it. I then had to go to Trippe's office to have him sign a vacation form. When I presented the form, Trippe got up and said, "have someone else sign it" and left.

Trippe does not treat me decently or with any respect. He provokes conflict, raises his voice, belittles me in front of others and is just mean. One of my coworkers, Rob Rothenburg, said that Trippe was raising his voice so much with that he had to leave the office because it made him uncomfortable. On many occasions, I had to leave the office because of his treatment towards me. Trippe refuses to discuss issues that I need to be clarified and, instead, uses the opportunity to be mean. One day, I went to Trippe's office to discuss a conflict that was occurring with the card access system. Not only did he refuse to discuss it with me even after I suggested that he and I go to Matt Seeger's office, but he shooed me out of his office with hand gestures. I was very upset about the treatment I received and went to Human Resources to discuss it. After hearing of the incident and knowing about the ongoing issues I have with Trippe, Human Resources decided to have me leave for the rest of the day with pay. The union attempted to discuss the incident with Seeger, but he did not wish to speak about the

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT *Kelly Olin* |
| 7/7/16 — Date    X  *Kelly Olin*  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 07-07-2016    BETH ANNE BROZAK Notary Public, State of New York No. 01BR6087303 Qualified in Monroe County Commission Expires February 18, 2019 |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2016-00542 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

matter.  The union informed me that Seeger was unwilling to talk because he knew that Trippe was wrong.

Trippe takes over the computer that I work at from a remote location without any warning.  There is another computer with the same software as mine in the office that is unoccupied yet Trippe will take over my computer even though he knows I am using it.

My coworkers are provided with opportunities to receive hands-on-training.  When I asked for assistance with a product I was told to look it up online.  I received a poor job performance review with the reason being that I am unfamiliar with the technology that I am being denied experience and exposure to.  Although I repeatedly requested hands on experience with video surveillance systems I'm methodically blocked from such training and experience.  After I received a poor job performance review due to my lack of experience with IP cameras, I was told by Human Resources that I would receive training pertaining to the areas that I lacked knowledge.  Human Resources, the union, and I had a meeting to discuss what was needed to bring me up to the level I needed to be.  Training and working with a coworker who has been able to get experience and exposure to the technology was agreed upon.  It has been over one year since this meeting and neither of these promises has occurred.  I did receive four hours of training on viewing cameras on new software that the district purchased but the training didn't pertain to installing and troubleshooting the cameras.

Trippe attempts to make me seem like a bad employee by lying to management, human resources and my union about my attitude, conduct, and training/experience opportunities.  During a meeting with me, Ange Palmerini, union steward, and Trippe regarding my poor job performance review, Trippe stated that I have received just as much training and experience on IP cameras as everyone else in the department.  During a meeting with Human Resources it was agreed that Trippe should be assigning me work orders so I could gain experience with IP cameras and equipment that pertains to it.  When this didn't occur I questioned Human Resources as to why and was told that Trippe says he's doing it.  Upon speaking with management, Matt Seeger and Tom Keysa, about the treatment I'm receiving from Trippe I'm told that they hear it's a two way street and I'm just as much to blame as Trippe.

Moreover, even though all of my coworkers in my unit are allowed to do so, I am most recently being disciplined for taking travel time in addition to my lunch break.  Respondent has been monitoring my movements on security cameras to track my time.

Of the approximately 70 employees in my unit, I am both the only female and the only employee who is being treated this way.

I believe that I have been subjected to this hostile, offensive, and intimidating work environment, subjected to disparate terms and conditions of employment, and denied meaningful training opportunities because of my sex/female, in willful violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **X**<br>_____     _____<br>*Date*                    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11 09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.    FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2.    AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.    PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.    ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2016-00847 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kelly L. Olin | | 04-01-1968 |

Street Address                                            City, State and ZIP Code

92 Canfield Road, Pittsford, NY 14534

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ROCHESTER CITY SCHOOL DISTRICT | 500 or More | |

Street Address                                            City, State and ZIP Code

131 West Broad Street, Rochester, NY 14614

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                            City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-10-2016   Latest: 08-10-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about March 13, 2000, I began employment as a Maintenance Mechanic. That is my current position there. On or about May 4, 2016, I filed EEOC Charge No.: 525-2016-00542.

Since Jerry Trippe became the Electrical Foreman in 2014, he has created an environment designed to torment me. Jerry Trippe's foreman, Matt Seeger has been complicit in this process. In one day I was written up several times: twice for not confirming that I received Trippe's text messages even though I did exactly what the text message stated and was unaware that I was required to send a confirmation text, for assigning building access to a custodian upon request of Lillie Wilson, a custodial administrator, a manager, even though I have done this task for Mrs. Wilson many times in the past, for assisting in a request made by Maria Lora, a clerk who does badging for the district, upon her request, and for not being able to complete an assignment due to not being able to locate the equipment that needed repair even though I communicated to Trippe that this was the case.

Trippe makes up policies that only I have to follow. One policy was that I was required to call him every two hours to let him know the status of my jobs. When I questioned why I'm the only one that this policy pertained to Trippe lied and said everyone is following it. Upon checking with my coworkers,

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| | JOHN E. THOMPSON, #01TH5023392<br>Notary Public, State of New York<br>Qualified in Chautauqua County<br>My Commission Expires February 7, 20_19_ |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Aug 25, 2016          X  Kelly Olin<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2016-00847 |
| **New York State Division Of Human Rights** | | and EEOC |
| *State or local Agency, if any* | | |

not one of them had even heard of such a policy.

I asked for a written version of these new policies and procedures. This request was made over a year ago. I have been told several times by Human Resources and Matt Seeger that I was going to receive them; to this day I have not received anything. I am required to work without having the policies and procedures made clear to me even though I am reprimanded for not following them. Policies do not seem to be enforced equally among employees. I am disciplined for acts that my coworkers are not.

Even before Trippe was Foreman, he treated me in a disparate manner. For instance, he would make me get coffee for him; he would make me move my truck so that he could use that parking space: he had me clean his truck while he and my other coworkers were allowed to hang out for the last 20 minutes of work; he would not let me speak to district staff members when they questioned me about the work I was doing; etc.

Trippe purposely makes my job more difficult. Others in my unit frequently work in teams. I am nearly always required to work alone. When I ask for assistance Trippe tells me to get the custodian to help me even though the custodian is not under Trippe's supervision and has other responsibilities. On occasions when he does send someone to help it is usually not someone from my unit and they are unfamiliar with the work I'm doing. Even though I have the most seniority it my unit, Trippe decided to give my workstation to a coworker and assigned me to the workstation my coworker had. My newly assigned workstation was complicated to work at due to the printer being up on a shelf and not easily accessed. My original workstation has the printer right next to the computer. I moved the printer down next to the computer but was told by Trippe that he didn't want it there. Trippe said I could move the printer down to use it but I am to return it to the shelf when I was done. The printer weighs over 35 pounds and the shelf is five feet off the floor. After attempting to return the printer to the shelf I realized it was complicated and I was hurting myself trying to do it. I spoke with Tom Keysa, Matt Seegers foreman, about the difficulties I was having. Keysa looked at the scenario and determined the printer should be next to the computer like I was requesting and moved the printer. Trippe treated me badly after this incident. Prior to Keysa coming in to the office, Trippe was assisting each of us in loading software on to our laptops. After Keysa moved the printer, Trippe retaliated and refused to load the software on to my laptop. He walked out of the office and told me to get someone else to help me. When I asked my coworkers for assistance they said they weren't familiar with how to do it. I then had to go to Trippe's office to have him sign a vacation form. When I presented the form, Trippe got up and said, "have someone else sign it" and left.

Trippe does not treat me decently or with any respect. He provokes conflict, raises his voice, belittles

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements*<br>JOHN E. THOMPSON, #011TH5023362<br>Notary Public, State of New York |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Aug 25, 2016      X  *Kelly Olin*<br>*Date*          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2016-00847 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

me in front of others and is just mean. One of my coworkers, Rob Rothenburg, said that Trippe was raising his voice so much with that he had to leave the office because it made him uncomfortable. On many occasions, I had to leave the office because of his treatment towards me. Trippe refuses to discuss issues that I need to be clarified and, instead, uses the opportunity to be mean. One day, I went to Trippe's office to discuss a conflict that was occurring with the card access system. Not only did he refuse to discuss it with me even after I suggested that he and I go to Matt Seeger's office, but he shooed me out of his office with hand gestures. I was very upset about the treatment I received and went to Human Resources to discuss it. After hearing of the incident and knowing about the ongoing issues I have with Trippe, Human Resources decided to have me leave for the rest of the day with pay. The union attempted to discuss the incident with Seeger, but he did not wish to speak about the matter. The union informed me that Seeger was unwilling to talk because he knew that Trippe was wrong.

Trippe takes over the computer that I work at from a remote location without any warning. There is another computer with the same software as mine in the office that is unoccupied yet Trippe will take over my computer even though he knows I am using it.

My coworkers are provided with opportunities to receive hands-on-training. When I asked for assistance with a product I was told to look it up online. I received a poor job performance review with the reason being that I am unfamiliar with the technology that I am being denied experience and exposure to. Although I repeatedly requested hands on experience with video surveillance systems I'm methodically blocked from such training and experience. After I received a poor job performance review due to my lack of experience with IP cameras, I was told by Human Resources that I would receive training pertaining to the areas that I lacked knowledge. Human Resources, the union, and I had a meeting to discuss what was needed to bring me up to the level I needed to be. Training and working with a coworker who has been able to get experience and exposure to the technology was agreed upon. It has been over one year since this meeting and neither of these promises has occurred. I did receive four hours of training on viewing cameras on new software that the district purchased but the training didn't pertain to installing and troubleshooting the cameras.

Trippe attempts to make me seem like a bad employee by lying to management, human resources and my union about my attitude, conduct, and training/experience opportunities. During a meeting with me, Ange Palmerini, union steward, and Trippe regarding my poor job performance review, Trippe stated that I have received just as much training and experience on IP cameras as everyone else in the department. During a meeting with Human Resources it was agreed that Trippe should be assigning me work orders so I could gain experience with IP cameras and equipment that pertains to it. When this didn't occur I questioned Human Resources as to why and was told that Trippe says he's doing it.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | JOHN F. THOMPSON, #01TH5023392<br>Notary Public State of New York<br>Qualified In Chautauqua County<br>My Commission Expires February 7, 20__ |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Aug 25, 2016          X   *Kelly OC*<br>Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 525-2016-00847 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Upon speaking with management, Matt Seeger and Tom Keysa, about the treatment I'm receiving from Trippe I'm told that they hear it's a two way street and I'm just as much to blame as Trippe.

Moreover, even though all of my coworkers in my unit are allowed to do so, I am most recently being disciplined for taking travel time in addition to my lunch break. Respondent has been monitoring my movements on security cameras to track my time.

Of the approximately 70 employees in my unit, I am both the only female and the only employee who is being treated this way.

I believe that I have been subjected to this hostile, offensive, and intimidating work environment, subjected to disparate terms and conditions of employment, and denied meaningful training opportunities because of my sex/female, in willful violation of Title VII of the Civil Rights Act of 1964, as amended.

On or about May 4, 2016, I filed EEOC Charge No.: 525-2016-00542 in order to protest the above-illustrated conduct.

Since then, I have been subjected to a disciplinary hearing for theft of time because I did not subtract travel time from my allotted lunch break.  Other similarly-situated coworkers are allowed to travel to lunch and back without that time counting against their lunch breaks.  None of them has filed an EEOC Charge.

On or about August 12, 2016, Respondent informed me that I have the choice of being discharged or incurring a 10% reduction in pay along with a demotion.  I chose the reduction in pay and demotion.

I believe that I have been disciplined and demoted in retaliation for filing EEOC Charge No.: 525-2016-00542, in willful violation of Title VII of the Civil Rights Act of 1964, as amended.

JOHN E THOMPSON, #01TH502...
Notary Public, State of New York
Qualified in Chautauqua County
My Commission Expires February 20, 2018

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| | |
| Aug 25, 2016         X | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| *Date*          *Charging Party Signature* | *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.　**FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.　**AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.　**PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.　**ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.　**WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.