# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK



KELLY OLIN,

        Plaintiff,

v.

THE ROCHESTER CITY SCHOOL DISTRICT, et al.,

        Defendants.

DECISION & ORDER

18-CV-6006-MAT-JWF

## Preliminary Statement

Plaintiff Kelly Olin ("plaintiff" or "Olin") commenced this lawsuit against the Rochester City School District ("the District"), Jerome Trippe ("Trippe"), Matthew Seeger ("Seeger"), Gerald Cutain, and Thomas Keysa (collectively "defendants"), alleging that she was terminated from her job at the District on account of sex. See Compl. (Docket # 1), at 3.

Presently before the Court is Olin's motion to compel responses to document demands and interrogatories (Docket # 18), filed on February 25, 2019. The defendants responded on March 13, 2019, arguing that they had responded to most of the demands and that the remaining demands were vague or overbroad. See Docket # 20.

Plaintiff sent a letter on April 12, 2019 asking defendants to supplement and clarify some of their answers. See Docket # 24. Defendants subsequently responded on April 18, 2019, providing more information but also reasserting their previous responses for everything not addressed in the letter. See Docket # 30. On May 8, 2019, plaintiff sent a letter asking the Court to compel production

1

of the items upon which she and defendants could not agree. See Docket # 25. For the reasons set forth below, plaintiff's motion to compel is **granted in part** and **denied in part**.

## Discussion

Plaintiff moves to compel the following three document requests and six interrogatories from defendants:

1. Document Request # 14: GPS data for all Rochester City School vehicles used by plaintiff and her coworkers from January 2014 to the present.

2. Document Request # 17 and Interrogatory # 3: A description or copy of all documents related to work assignments (further clarified to request a complete set of School Dude reports).

3. Interrogatory # 1: A description of all criticisms or complaints against the plaintiff during her employment with the City of Rochester (further clarified to request an alleged complaint made by the custodian against the plaintiff).

4. Interrogatory # 2: A description of every meeting or conversation that discussed the plaintiff's job performance (further clarified to request a description of defendants' meeting regarding discipline for plaintiff on August 10, 2016).

5. Interrogatory # 10 and Document Request # 8: A description or copy of all complaints made against plaintiff's coworkers.

6. Interrogatory # 12: A description of all work assignments in which plaintiff's coworkers completed her work for her.

7. Interrogatory # 14: A request to identify all assignments that were related to IP camera work and a list of employees and outside contractors that worked on these projects.

8. Interrogatory # 22: A list of any dates that the plaintiff did not report the status of her work order assignment at the end of her shift.

See Docket # 25, at 1-4. I address each demand as narrowed by plaintiff.

Document Request # 14: Plaintiff argues that the data is necessary so that she may prove that a pattern exists in which defendants allowed male employees to take additional travel time without punishment while she was demoted. See Docket # 25, at 1-2. Plaintiff contends that defendants' practice of giving male employees extra travel time continued after they demoted her, and she requests GPS data from her demotion to the present to prove this. See id.

Defendants state that they will not provide GPS data for over 60 employees who were not in plaintiff's specific working group. See Docket # 20, at 1. They argue that it will be overly burdensome and extremely time consuming to get the information because they will need to obtain the data from the vendor, and then save and provide the data to plaintiff. Id. "When a party requests the production of electronic data that the responding party has determined to be overly burdensome to produce, the requesting party

3

must show good cause to overcome the difficulties entailed in producing it." Fendi Adele S.R.L. v. Filene's Basement, Inc., No. 06 Civ. 244, 2009 WL 855955, at *27-28 n.3 (S.D.N.Y. Mar. 24, 2009) (citing In re Veeco Instruments, Inc. Sec. Lit., No. 05 MD 1695, 2007 WL 983987, at * 1 (S.D.N.Y. Apr. 2, 2007)). I disagree with defendants' reasons for withholding all of this information. But I also disagree with plaintiff that all records from 2016 to the present for all employees - even those not in her working group - are relevant. Therefore, I grant plaintiff's motion to compel for data from April 1, 2016 until December 31, 2016 for the vehicles for which defendants had already supplied plaintiff some information: Vehicle 751, 772, 777, and 945. See Docket # 9, at 1.

In her oft-cited opinion, Judge Sheindlin stated that production of electronic information is usually unduly burdensome when the information is in an inaccessible form and is generally not unduly burdensome if it is in an accessible form. See Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 318 (S.D.N.Y. 2003). Documents are accessible if they are active online data, near-line data or are in offline storage/archives and are inaccessible if they are on backup tapes or are erased or damaged. See id. Here, it appears that the information is in fact accessible. Docket # 9, at 1-2. Defendants contend that requiring them to produce these documents will cause them undue burden because District employees "must go into the GPS provider's system and manually print the data for each day, for each

4

vehicle." Id. at 1. Yet plaintiff has suggested that more recent GPS data may be necessary for her case to move forward, and the Court believes that the usefulness of the data outweighs the burden on the defendants.

However, the Court disagrees with plaintiff regarding her request for data for all plant mechanics, regardless of whether they were in plaintiff's individual working group. See Docket # 25, at 2. This request encompasses 60 plant mechanics who were supervised by Seeger.[1] See id. Plaintiff's request for this information is overly broad. Plaintiff has not adequately explained why information from all of these employees is required to prove her claims. The Court recognizes that such information may become necessary in the future should plaintiff adequately explain why the information is necessary.

Similarly, plaintiff has not justified production of all data "to the current date," as she requests. See Docket # 25, at 2. Plaintiff even seems to contemplate a more truncated production by acknowledging that she "want[s] records of all my coworkers for 2016." Id. at 1. Plaintiff was demoted on August 30, 2016, nearly three years before the current motion was filed. See id. It seems to the Court that data for a period closer in time to the events described in the complaint would be more relevant than data from

---

[1] It is the Court's understanding that Seeger supervised Trippe, who in turn directly supervised plaintiff.

5

several years later and would allay defendants' concerns about burdensomeness.

Accordingly, the Court grants plaintiff's motion to compel GPS data from April 1, 2016 to December 31, 2016 on the vehicles for which she has already received data. If this information supports plaintiff's contentions and data on other vans remains necessary, the Court grants plaintiff leave to seek additional discovery pertaining to additional GPS data at a later time.

<u>Document Request # 17 and Interrogatory # 3</u>: Defendants argue that they have turned over all information regarding the School Dude reports. <u>See</u> Docket # 30, at 2. Plaintiff contends that the School Dude reports submitted on April 18, 2019 are incomplete and do not contain all the information that she requested. But plaintiff has also stated that she has submitted a document to defendants that she believes contains the information she is seeking. <u>See</u> Docket # 25, at 2. Accordingly, defense counsel shall respond to the document that plaintiff has provided and either confirm it as accurate or supply the correct information that the plaintiff seeks.

<u>Interrogatory # 1</u>: Plaintiff contends that the investigation that led to her demotion was based on a complaint - which she requests defendants produce - made by a school custodian. <u>Id.</u> at 3-4. Defendants assert that there were complaints and those complaints were provided to plaintiff in her personnel file. <u>See</u> Docket # 20-2, at 3. However, the Court is unclear whether the complaint by a

school custodian that is at issue here was ever provided. If the custodian's complaint is indeed the basis for plaintiff's demotion, the complaint is certainly relevant to this case. Therefore, defendants shall produce any written complaint that led to plaintiff's demotion. If no such written complaint exists, the defense shall so state.

Interrogatory # 2, Interrogatory # 14, and Interrogatory # 22: In response to these interrogatories, defendants repeatedly assert that plaintiff's demands are "vague, ambiguous, overbroad, overly burdensome," and sometimes, that they "[seek] confidential, personal, and protected information pertaining to non-parties." See Docket # 15-7, at 4-7, 12, 15. Further, in their letter dated March 13, 2019, defendants contend they have fully answered these interrogatories. See Docket # 20, at 6, 8, 9. I disagree.

In Interrogatory # 2, plaintiff requested "each and every conversation and/or meeting that has occurred from January 2010 to the present at which any employees or agents of the Rochester City School District discussed the plaintiff's job performance and/or any discipline resulting from it." Docket # 15-7, at 4. Although the request itself is somewhat broad, plaintiff narrowed the request in her motion to compel by asking about a meeting that occurred on August 10, 2016 in which defendants discussed discipline for plaintiff's actions. See Docket # 25, at 4.

In Interrogatory # 14, plaintiff requested that defendants "[i]dentify work assignments related to IP camera technology and/or equipment from April 2104 [sic] to August 2016, including . . . the identity of any Rochester City School District Employee involved." See Docket # 15-7, at 12. In her subsequent submissions, plaintiff provided defendants with documents listing the assignments and requested only that defendants note which assignments were related to IP and who worked on each assignment. See Docket # 25, at 3.

In Interrogatory # 22, plaintiff asked for the date of any instance between September 2014 and August 2016 when she failed to report the status of her work order assignment at the end of her shift. See Docket # 15-7, at 15.

When objecting to a request for discovery, it is the objecting party's burden to show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Ruran v. Beth El Temple of W. Hartford, Inc., 226 F.R.D. 165, 167 (D. Conn. 2005) (quoting Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).

Defendants failed to explain how plaintiff's three requests were unreasonable, and merely "intone[d] [the] familiar litany that the interrogatories are burdensome, oppressive, or overly broad."

See id. Contrary to defendant's assertion, the Court finds plaintiff's demands to be specific, clear, narrow, and directly relevant to the plaintiff's case. Additionally, though defendants claim they have responded to the interrogatories, plaintiff's motion to compel states specific events and information for which she has not yet received information.

Accordingly, to satisfy these interrogatories defendants shall (1) produce a detailed description of what they discussed at the meeting pursuant to Interrogatory # 2 (see Docket # 15-7, at 4) (2) consistent with Interrogatory # 14, identify which assignments were IP assignments and for each IP assignment, identify all vendors, outside contractors, and District employees involved; and (3) identify any dates upon which plaintiff failed to report the status of her work assignments at the end of her shift, consistent with Interrogatory # 22.

Interrogatory # 10 and Document Request # 8: Defendants assert that complaints against other plant maintenance workers are irrelevant to the plaintiff's claims and are not reasonably calculated to lead to the discovery of admissible evidence. See Docket # 20-2, at 7. Plaintiff counters that they are relevant to her claim because she is trying to show that defendants treated her differently than they treated her male coworkers in the plant maintenance department. See Docket # 18, at 6.

When requesting personnel files, the burden is on the requesting party to show how the requested records are relevant to her claims. O'Garra v. Northwell Health, No. CV16-2191, 2018 WL 502656, at *5 (E.D.N.Y. 2018) ("Personnel files are not per se shielded from discovery, and a protective order can usually remedy any privacy concerns. . . . However, it remains the Plaintiff's burden to show how the requested records are relevant, material and proportional to the claims made."). In this case, the Court believes that plaintiff has sufficiently shown that complaints from Trippe, the Electrical Foreman and plaintiff's direct supervisor, made about other employees he supervised are relevant.

To prevail on her claim, plaintiff will need to prove that defendants treated similarly situated employees differently than they treated her, and since she is alleging Trippe harassed her by filing complaints against only her, it is directly relevant whether Trippe filed complaints against any other employees. See Sotomayor v. City of New York, 862 F. Supp. 2d 226, 259 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013) ("[T]hat an evaluation is tainted by discriminatory motives can be shown if [plaintiff] can point to similarly situated employee who was evaluated differently.").

But plaintiff's request sweeps much broader. She requests all complaints against anyone in her working group supervised by Trippe, regardless of complainant. For this reason, the Court limits the

document request and interrogatory answer to complaints filed by Trippe against other plaint maintenance mechanics supervised by him.

Interrogatory # 12: Plaintiff alleges that defendants asserted in their EEOC statement that she did not perform her duties and that other employees had to do her work for her. Interrogatory # 12 seeks evidence pertaining to this allegation. See Docket # 25, at 3. Defendants argue that plaintiff is asking for an interpretation of a statement defendants made to the EEOC and refer plaintiff to the logs already provided. See Docket # 20-2, at 8. Since defendants may use her history of dereliction of duty, if it exists, as a defense against her discrimination claim, this information is relevant to the plaintiff's claim. The court therefore orders defendants to respond to Interrogatory # 12 by identifying all assignments in which plaintiff's colleagues completed plaintiff's work assignments.

## Conclusion

For the reasons stated above, plaintiff's motion to compel (Docket # 18) is **granted in part** and **denied in part**. No later than November 6, 2019 defendants shall:

1. Produce the GPS information from April 1, 2016 to December 31, 2016 for Vehicles 751, 772, 777, and 945;
2. Produce a stipulation that the School Dude data that plaintiff sent defendants is accurate, or, if plaintiff's reports are inaccurate, the correct information;

3. Produce a detailed description of what was discussed at the August 10, 2016 meeting pursuant to Interrogatory # 2 (see Docket # 15-7, at 4-5);

4. Identify which assignments were IP assignments and, for each IP assignment, all vendors, outside contractors, and District employees who were involved in accordance with Interrogatory # 14;

5. Identify any dates upon which plaintiff failed to report the status of her work assignments at the end of her shift, consistent with Interrogatory # 22;

6. Produce all complaints filed by Trippe against other plant maintenance mechanics;

7. Identify any occasions that plaintiff did not perform her duties, as well as the name of the employee that was required to do her work for her.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 24, 2019
Rochester, New York